IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:97-CR-142-TFM |
| | ) | WO |
| JEROLD LAWSON | ) | |

**ORDER**

On August 16, 2013, the Magistrate Judge convened a revocation/detention hearing on the **Petition for Warrant or Summons for Offender Under Supervision** (Doc. 61). After due consideration of all relevant testimony, the court finds probable cause to support the allegations set out in the **Petition for Warrant or Summons for Offender Under Supervision** (Doc. 61). and **DETAINS** the defendant.

**I.**

**FINDINGS**

The testimony from United States Probation Officer Marcus Simmons, "Simmons" reveals that on June 10, 2013, defendant Lawson, "Lawson" was convicted in Georgia of Possession of a Firearm by a Convicted Felon. *Ergo*, as a matter of law, Lawson violated the supervised release conditions imposed on him by this court that he not possess a firearm, that the defendant not leave the Middle District of Alabama without permission and that the defendant did associate with persons engaged in criminal activity.

Simmons testified that on November 29, 2012, he gave Lawson permission to take his urinalysis test early that morning because Lawson claimed that he had a job interview and he needed to pick up his son from childcare during the afternoon when he was supposed to take the drug test. Later that afternoon, Simmons had a telephone conversation with a Georgia police officer who said that he arrested Lawson in Woodbury, Georgia that afternoon. According to the officer, Lawson and

Jamichael Jeter each brandished firearms and tried to rob a known drug dealer in Woodbury, Georgia.  The drug dealer fled on foot and Lawson fled the scene in an automobile.  Lawson and Jeter threw their firearms out of the car as police tried to apprehend them.  The policeman told Simmons that initially Lawson denied involvement in the incident but later admitted he had the firearm.   Simmons testified that while on supervision, Lawson tested positive for cocaine 7 times; Lawson missed several drug tests: Lawson has struggled to obtain and keep employment; and Lawson is deceptive.

With respect to detention, Lawson called his wife, Kamesha Lawson, "Mrs. Lawson" to testify.  Mrs. Lawson is employed as a care giver to the elderly and works lengthy and rotating schedules.  Mrs. Lawson has two college age daughters and a 14 year old son.  Mrs. Lawson expressed a strong need and desire to have her husband home to assist her with child care.  Mrs. Lawson testified that she did not know Jamichael Jeter or that her husband planned to travel to Woodbury, Georgia the day of his arrest.

The Magistrate Judge finds the foregoing facts demonstrate by clear and convincing evidence that no condition or combination of conditions will keep Lawson from violating the law.  Mrs. Lawson is unfamiliar with persons with whom her husband might associate in criminal activity and therefore could not assist the court in supervising Lawson if he were put on home confinement while awaiting further action by the District Judge   Lawson tested positive 7 times during roughly 4 years of supervision.  Mrs. Lawson said she is unaware of where her husband obtained either the cocaine which led to the positive tests or the  he used in the robbery attempt.

## II.
## DETENTION ORDER

Pursuant to the foregoing findings and conclusions, and after due consideration of the factors set forth in 18 U.S.C. 3143(a) it is **ORDERED** that the defendant is detained pending further proceedings by the District Judge and that probable cause exists to believe the allegations set out in **Petition for Warrant or Summons for Offender Under Supervision (Doc. 61).** The defendant, Jerold Lawson,  is hereby REMANDED to the custody of the United States Marshal.

Done this 19th day of August, 2013.

                                      /s/ Terry F. Moorer
                                      TERRY F. MOORER
                                      UNITED STATES MAGISTRATE JUDGE